By the Court,
Cowen, J.
No doubt Collins might avail himself of the release on proof of the delivery to Mr. Gilbert for his use. But the object being to qualify a witness, something more than a constructive delivery of the release was necessary. In order to remove his presumed mental bias in favor of the party, it must appear that he knew of the release before giving his testimony. The circumstances here in proof, however, show that he could not but have known of the release in season for that purpose. Indeed, the proof of its actual delivery to him before he was sworn seems to be irresistible.
There is no pretence for this case being within that of Cram v. Hendricks, (7 Wend. 569 5) nor the later case of Rapelye v. Anderson, decided in the court for the correction of errors; in *258 December last, (a) The original note was void in its concoction. The various agreements, notes and other arrangements were all parts of one transaction, and the effect of them was to secure more than seven per cent, per annum to the bank for the loan. The whole was radically and necessarily vicious because of such a usurious effect, by which the intent of the parties must be judged, and there was no question for the jury. (Haire v. Wilson, 9 Barn. & Cress. 643, per Lord Tenterden, Ch. J.; Mackie v. Cairns, 5 Cowen, 573, per Colden, senator; The N. Y. Firemen Insurance Co. v. Ely, 2 Cowen's Rep. 678, 705 ; Bank of Utica v. Wager, id. 712, 769, affirmed on error 8 id. 398.)
I have had occasion, in several recent cases, to examine the state of the usury law in reference to questions very nearly of kin to the one before us; and must confess that I found the paths of fraudulent device much more broad and better fenced for the usurer than I had supposed possible. I found them withal so plain and numerous, that very little ingenuity seemed necessary to get round the statute. Three ways were open, which I had supposed to be shut, viz. the usurious loan of credit; (Ketchum v. Barber, ante, p. 224;) usurious interest in the name of factorage; (Suydam v. Westfall, ante, p. 211;) and the sale of choses in action generally; (Rapelye v. Anderson, post.) But we all think that the course taken in the principal case—a usurious loan on contracts to procure the assignment of choses in action at a future day—choses in action which are not shown to have been in existence at the time of the loan, the latter, moreover, being ultimately secured by the promissory notes of the party—is not sanctioned by any of the cases. For the reasons more at large why we cannot yield even to a verdict pronouncing such a transaction free from usury, I refer to the opinion delivered by me in Rapelye v. Anderson. Although *259 those reasons were overruled by a majority of the court of errors as not applicable to that case, we think they apply to the present. The power to grant new trials, where there is a verdict against the weight of evidence, prevails in all civil actions, except those which draw in question sales, transfers or mortgages made for the purpose of defrauding creditors. There are also cases where the usurious devices are thought to he tortuous and obscure, in which jurors have been allowed to decide finally ; but we are not disposed to multiply such exceptions to our acknowledged power. The legislature has commanded us to use all legal means in nullifying usurious transactions, whether direct or indirect; and we should execute the command most miserably by winking, or even alloxving jurors to wink, while looking upon thin disguises. We are satisfied that neither has ever been done in case of a transaction so obviously usurious as the one in question.
There must be a new trial both for error in excluding Collins’ deposition, and on the merits as shown without it.
New trial granted.

 For Rapelye v. Anderson, see the cases decided by the court for the correction of errors, post.